# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
February 6, 2001 Session

## JOHN DAVID TERRY v. STATE OF TENNESSEE

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 87-S-975      Hon. J. Randall Wyatt, Jr., Judge**

---

**No. M1999-00191-SC-DDT-DD - Filed April 25, 2001**

---

ADOLPHO A. BIRCH, JR., J., dissenting.

In a line of dissents beginning with State v. Chalmers, I have repeatedly emphasized my belief that Tennessee's comparative proportionality review protocol is inadequate and must be reformed.  28 S.W.3d 913, 923-25 (Tenn. 2000) (Birch, J., concurring and dissenting); see also, e. g., State v. Carruthers, 35 S.W.3d 516, 581-82 (Tenn. 2000) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 233-34 (Tenn. 2000) (Birch, J., concurring and dissenting).  I have pointed out three shortcomings of the current protocol:  "the 'test' we employ [for comparative proportionality review] is so broad that nearly any sentence could be found proportionate; our review procedures are too subjective; and the 'pool' of cases which are reviewed for proportionality is too small."  Chalmers, 28 S.W.3d at 923 (Birch, J., concurring and dissenting).   These flaws, in my view, must be corrected if this Court is to provide genuine assurance that disproportionate sentences of death will not be upheld.   I adhere to the views I have expressed in these previous cases.

As I have stated before in the context of other dissents, "I am unwilling to approve of results reached through the use of a procedure with which I cannot agree."  See Coe v. State, 17 S.W.3d 193, 248-49 (Tenn. 2000) (Birch, J., dissenting).  To date, the majority has made no discernible effort to correct the flaws in our comparative proportionality review protocol.  Therefore, I dissent from the Court's decision to impose the death penalty in this case.

---

ADOLPHO A. BIRCH, JR., JUSTICE